**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:                                                                          CASE NO.: 6:19-bk-03065-KSJ

JESSE L. PITTMAN, II

*and* STEPHAINIE A. PITTMAN                                    CHAPTER: 7

            DEBTOR(S).
_____/

**MOTION FOR *IN REM* RELIEF FROM AUTOMATIC STAY**

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
>
> **PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THE RELIEF REQUESTED IN THIS PAPER WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN TWENTY ONE (21) DAYS FROM THE DATE SET FORTH ON THE ATTACHED PROOF OF SERVICE, PLUS AN ADDITIONAL THREE (3) DAYS FOR SERVICE IF ANY PARTY WAS SERVED BY U.S. MAIL.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE A RESPONSE WITH THE CLERK OF THE COURT AT GEORGE C. YOUNG FEDERAL COURTHOUSE. 400 W. WASHINGTON STREET, SUITE 5100, ORLANDO FLORIDA 32801, AND SERVE A COPY ON THE MOVANT'S ATTORNEY, JEFFREY S. FRASER, ESQ., ALBERTELLI LAW, PO BOX 23028, TAMPA, FL 33623, AND ANY OTHER APPROPRIATE PERSONS WITHIN THE TIME ALLOWED.  IF YOU FILE AND SERVE A RESPONSE WITH THE TIME PERMITTED, THE COURT WILL EITHER SCHEDULE AND NOTIFY YOU OF A HEARING, OR CONSIDER THE RESPONSE AND GRANT OR DENY THE RELIEF REQUESTED WITHOUT A HEARING.**
>
> **IF YOU DO NOT FILE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.**

COMES NOW, **Nationstar Mortgage LLC d/b/a Mr. Cooper** ("Movant"), by and through its undersigned counsel, and moves for *in rem* relief from the automatic stay, pursuant to 11 USC §362(d).  In support thereof, Movant states:

1. On May 7, 2019, the Debtor(s) (the term "Debtor" herein shall refer to both single and joint debtors) filed for relief under Chapter 7 of the United States Bankruptcy Code.

2. Jurisdiction in this cause is granted to the Court, pursuant to 28 U.S.C. §1334, 11 U.S.C. §362 and all other applicable rules and statutes affecting the jurisdiction of the Court generally.

3. On February 22, 2008; Jesse L. Pittman and Stephanie A. Pittman, executed and delivered a promissory note to Bank of America. On or about the same day, Jesse L. Pittman and Stephanie A. Pittman executed and delivered a mortgage securing payment of the note. True and correct copies of the *note, mortgage* and *assignment(s)* are attached as Composite Exhibit "**A**".

4. The mortgage secures the following real property located in Lake County, Florida, to wit:

**LOT 130 NOTTINGHAM AT LEGENDS, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PALT BOOK 57, PAGES 5 THROUGH 9, INCLUSIVE , OF THE PUBLIC RECORDS OF LAKE COUNTY, FLORIDA.**

**AKA: 1075 GLENRAVEN LANE, CLERMONT, FL 34711 (the "Subject Property")**

5. According to Debtor's Schedule C, the property is claimed as exempt.

6. According to Debtor's Statement of Intentions, Debtor intends to retain the property.

7. Notwithstanding the Debtor's intent; the Debtor is in default. As of May 10, 2019, the Debtor is due for the **March 1, 2019** payment and all subsequent payments. The principal balance due, as of May 10, 2019, is **$360,506.10**. The Affidavit in Support of the Motion for Relief from Stay is attached as Exhibit "**B**".

8. The value of the collateral pursuant to Scheduled D is **$300,930.00**.

9. The value of the above collateral is insufficient to provide adequate protection to Movant. It would be inequitable to permit the Debtor to retain the collateral, as there is no equity in the collateral, and it is not necessary for an effective reorganization.

10. Furthermore, Movant is not receiving any payments from Debtor to protect against the erosion of its collateral position.

11. If Movant is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage.

12. Once the stay is terminated, Debtor will have minimal motivation to insure, preserve, or protect the collateral. Therefore, Movant requests that the Court waive the 14-day stay imposed by Fed. R. Bankr. P. 4001(a)(3).

WHEREFORE, **Nationstar Mortgage LLC d/b/a Mr. Cooper** respectfully requests the Court enter an order:

    a.    terminating the automatic stay, *in rem*;

    b.    permitting Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein;

    c.    allowing Movant to gain possession of said collateral;

    d.    waiving the 14-day stay under Fed. R. Bankr. P. 4001(a)(3), and

    e.    granting such further relief as the Court deems just and appropriate.

Jeffrey S. Fraser, Esq.
**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Telephone: (813) 221-4743 ext. 2499
Facsimile: (813) 221-9171
Bkfl@albertellilaw.com
Alternate: jfraser@albertellilaw.com

By: /s/ *Jeffrey S. Fraser, Esq.*
Jeffrey S. Fraser, Esq.
Florida Bar No.: 85894

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list, this 30th day of May, 2019.

> Jeffrey S. Fraser, Esq.
> **Albertelli Law**
> Attorney for Secured Creditor
> PO Box 23028
> Tampa, FL 33623
> Telephone: (813) 221-4743 ext. 2499
> Facsimile: (813) 221-9171
> Bkfl@albertellilaw.com
>
> By: /s/ *Jeffrey S. Fraser, Esq.*
> Jeffrey S. Fraser, Esq.
> Florida Bar No.: 85894

**SERVICE LIST**
Jesse L. Pittman, II
1075 Glenraven Lane
Clermont, FL 34711

*Joint-Debtor*
Stephanie A. Pittman
1075 Glenraven Lane
Clermont, FL 34711

K Wade Boyette, Jr.
Boyette Law Offices, P.A.
1635 East Highway 50
Suite 300
Clermont, FL 34711

*Trustee*
Dennis D Kennedy
P.O. Box 541848
Merrit Island, FL 32954

*U.S. Trustee*
United States Trustee - ORL7/13
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801